UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFREY A. COOK and SHERRIE A. COOK,

                                              Appellants,

    -v-                                        5:12-CV-1713

DAVID HUEY,

                                              Appellee,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                 OF COUNSEL:

THE TURTURO LAW FIRM               THOMAS F. TURTURO, ESQ.
Attorney for Appellants
2 South Street - Suite 309
Auburn, NY 13021

THE THURSTON LAW OFFICES, PC     DAVID B. THURSTON, ESQ.
Attorney for Appellee
100 Genesee Street
Auburn, NY 13021

OFFICE OF MARK W. SWIMELAR       MARK W. SWIMELAR, ESQ.
Trustee
250 South Clinton Street
Suite 203
Syracuse, NY 13202

OFFICE OF THE UNITED STATES TRUSTEE  TRACY HOPE DAVIS, ESQ.
10 Broad Street
Room 105
Utica, NY 13501


DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Appellants Jeffrey A. and Sherrie A. Cook ("the Cooks" or "debtors") appeal from a decision of United States Bankruptcy Judge Margaret Cangilos-Ruiz, dated October 5, 2012, denying their motion to enforce the automatic stay provisions of 11 U.S.C. §§ 362(a)(3) and (5) and avoid the transfer of legal title of their residence to David Huey ("Huey"). The debtors filed a Notice of Appeal on November 11, 2012. No opposition has been filed. This appeal was considered on submission without oral argument.

## II. BACKGROUND

The Cooks filed a petition for Chapter 13 bankruptcy relief on the afternoon of July 5, 2012. They listed their residence, located at 2733 Franklin Street, Weedsport, New York, at a value of $129,000. The home was listed subject to two mortgages. The first mortgage was held by Nationstar Mortgage, LLC ("Nationstar"), in the amount of $59,000. First Niagara Bank held the second mortgage in the amount of $56,120. The debtors also claimed a homestead exemption in the remaining equity of $22,880 in the property.

On the morning of July 5, 2012, prior to the filing of their Chapter 13 petition, the Cooks' residence was sold to Huey at a foreclosure sale by Nationstar for $66,000. Although the debtors were aware of the pending foreclosure proceeding, they believed that the sale was scheduled for July 9, 2012.

Attorney for the debtors filed a motion on August 19, 2012, seeking to enforce the automatic stay provisions of 11 U.S.C. §§ 362(a)(3) and (5) and invalidate the foreclosure

sale.[1] The motion was unopposed, and a hearing was held on September 11, 2012. Judge Cangilos-Ruiz denied the motion from the bench on September 11, 2012. A written decision was filed on October 5, 2012. This appeal followed.[2]

## III. STANDARD OF REVIEW

In reviewing a bankruptcy court's decision, district courts apply a de novo standard of review to conclusions of law and a clearly erroneous standard to findings of fact. In re Manville Forest Prods. Corp., 209 F.3d 125, 128 (2d Cir. 2000). Although this appeal is unopposed, "the appellant must still establish that there was reversible error" to be granted relief. Swimelar v. Baker, No. 5:09-CV-502, 2009 WL 3644336, at *1 (N.D.N.Y. Oct. 28, 2009) (Suddaby, J.), aff'd 604 F.3d 727 (2d Cir. 2010).

## IV. DISCUSSION

The Cooks assert that the Bankruptcy Court erred in finding that their residence was not part of the bankruptcy estate subject to the automatic stay provisions of 11 U.S.C. §§ 362(a)(3) and (5).[3] They argue the Bankruptcy Court incorrectly concluded that the foreclosure sale, which occurred prior to the filing of their bankruptcy petition, divested them of all legal and equitable interests in the property. The debtors contend that their home should have been brought into the bankruptcy estate, subject to the automatic stay provisions of the Bankruptcy Code, due to their equitable possessory interest in the property at the time the Chapter 13 petition was filed.

---

[1] Debtors also argued that the foreclosure sale was a fraudulent transfer and must be voided under 11 U.S.C. § 548(a).

[2] On appeal, debtors abandoned the argument that the foreclosure sale was a fraudulent transfer.

[3] Title 11 hereinafter referred to as "the Bankruptcy Code."

The automatic stay provisions which the Cooks seek to invoke enjoin "any act to obtain possession of . . . or to exercise control over property of the estate," and "any act to . . . enforce against the property of the debtor any lien." 11 U.S.C. §§ 362(a)(3) & (5). In order to invoke the protections of the automatic stay with regards to their home, the debtors must establish that the home is part of the bankruptcy estate. The estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In order to show that their home is part of the bankruptcy estate subject to the automatic stay, the debtors must establish that they continued to possess a legal or equitable interest in their home at the time their bankruptcy petition was filed.

The Cooks do not claim to have a legal interest in the property. Instead, they assert that their possession of the residence following foreclosure constitutes an equitable interest sufficient to invoke the automatic stay. The cases upon which the debtors rely show that when a debtor files for bankruptcy, a residual equitable interest in property may be sufficient to bring the property into the bankruptcy estate. See generally United States v. Whiting Pools, Inc., 462 U.S. 198 (1983); Weber v. SEFCU, 719 F.3d 72, 79 (2d Cir. 2013) ("Whiting Pools teaches that the filing of a petition will generally transform a debtor's equitable interest into a bankruptcy estate's possessory right."). For example, a tenant's equitable possessory interest in property, following the issuance of a warrant for eviction based on non-payment of rent on an unexpired leasehold allowed the tenant to petition the court to vacate the warrant for good cause. In re Onio's Italian Rest. Corp., 42 B.R. 319, 320 (Bankr. S.D.N.Y. 1984). When the tenant then filed for bankruptcy after the issuance of the eviction warrant, the equitable interest in the unexpired leasehold was brought into the bankruptcy estate subject

- 4 -

to the automatic stay. Id. at 321. This allowed the bankruptcy court to stay the warrant for a reasonable time. Id.

In this case however, the Cooks do not have any legal or equitable interest in their residence which would have allowed the property to be brought into the bankruptcy estate. In New York, a mortgagor whose property has been foreclosed upon continues to possess an equitable right of redemption with regards to that property until a foreclosure sale occurs. Norwest Mtge., Inc. v. Brown, 35 A.D.3d 682, 683 (N.Y. App. Div. 2d Dep't 2006). Generally, once the sale takes place, the right is extinguished as a matter of law and cannot be revived. Id. at 684.

A valid foreclosure sale took place prior to the filing of the Cooks' bankruptcy petition and divested them of any legal or equitable rights to the property. They have abandoned their argument to set aside the sale based on a fraudulent transfer under 11 U.S.C. § 548(a). They also concede the good faith of the purchaser and do not argue that there were any irregularities with respect to the foreclosure sale. Mot. Hr'g Tr. 7:4–9, Sept. 11, 2012. The automatic stay prevents future acts but cannot be applied retroactively to invalidate past acts. Piccolo v. Dime Savings Bank of N.Y., 145 B.R. 753, 756 (N.D.N.Y. 1992) (Cholakis, J.). Accordingly, the Bankruptcy Court did not err in finding that the Cooks' residence is not protected under the automatic stay provisions of the Bankruptcy Code because it could not be brought into the bankruptcy estate at the time of filing. See id.

## V. **CONCLUSION**

The facts upon which the Bankruptcy Court based its decision were undisputed. There was no error in finding that the valid foreclosure sale which occurred prior to the filling of the Cooks' bankruptcy petition divested the debtors of any legal or equitable interests in

the property. Therefore, their residence did not become property of the bankruptcy estate subject to the protections of the automatic stay.

Therefore, it is

ORDERED that

The bankruptcy court's October 5, 2012 Memorandum-Decision and Order denying debtors relief is AFFIRMED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: October 4, 2013
       Utica, New York.